Daniels, J.
The action was upon a promissory note made by the defendant on the 2d of November, 1871, by which, on demand, he promised to pay to the order of D. Sanford, $2,153.55. The making and delivery of the note were admitted, and the inquiry upon the trial was directed to the question whether anything, and if anything, what amount was due upon it.
The jury by their verdict found for the plaintiff the sum of $1,290.33. After the verdict was rendered, the defendant’s counsel believing it to be larger than a proper computation justified, moved to reduce it before the judge presiding at the trial, but the motion was denied, apparently for the reason that the alleged error in computation was not established. Whether it was, or not, depends upon the application of a $400 note transferred by the defendant to Daniel Sanford, the holder of the note in controversy, on the 5th of February, 1876. The position taken by the defendant is, that this was to be applied in part payment of the principal mentioned in his note; while it was indorsed by the holder Sanford, upon the note in suit, on account of interest. If this indorsement was rightly made, then the verdict of the jury seems to have been sustained by the evidence.
*261 Of course, interest did not commence to run upon the note, until payment was demanded, but it appeared from the evidence of the plaintiff, Mr. Sanford, who was then living, as it was repeated by the court in the charge to the jury, that he demanded payment on the note as early as the year 1873, and perhaps, as he stated, in 1872, and that he asked the defendant for the debt whenever he saw him. The defendant’s evidence controverted this statement, but at the same time, it left the case in such a condition as to render it proper for the jury to determine it, and they must have determined this fact against the defendant, before they could render the verdict which they did at the close of the trial. And if the plaintiff was right in his statement, that so early a demand had been made of the note, then there probably was such an amount of interest payable upon it as would absorb the note of $400, at the time when it was applied. That this may have been the case was further supported by the testimony of the plaintiff, who stated that the defendant was present when the indorsement of the $400 note was made, and that he saw it indorsed, and merely remarked upon that subject that he would rather it would have been on the principal, than on the interest; but according to the testimony of the plaintiff, there was no denial of the fact that an amount of interest had accrued on ■ the note, justifying the making of the indorsement, as that was done. And it was upon the basis of this indorsement having been correctly made against the interest, that the computation was made by the plaintiff’s counsel, stating the amount due upon the note to be the sum of $1,290.33. That, evidently was done by applying the $400 note upon the interest, and then computing the interest upon the note in suit, after the deduction of the two preceding payments, amounting in the aggregate to the sum of $250, and those afterwards made upon the principal. As the case was presented, and is exhibited by the evidence included in the charge of the court, it was a question for the jury whether this $400 should be applied as interest upon the note, or whether it should have gone upon the principal, for the reason that no demand had been made for the payment of the note, previous to the time of this application. And this court cannot say as the case was disclosed, that the jury were in error in taking the view which they did of the evidence, and for that reason the order was rightly made denying this motion, and it should be affirmed, with the usual costs and disbursements.
Van Brunt, P. J., concurs.